IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                      No.   3:14-cr-30017-DRH-1

JENNIFER ROSE EADER,

        Defendant.

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I. Introduction and Background

This matter comes before the Court on defendant Jennifer Rose Eader's ("Eader") motion to sever (Doc. 36). The Government opposes severance (Doc. 41). For the following reasons, defendant's motion to sever is **DENIED.**

On March 19, 2013, the grand jury returned a two-count indictment against Eader and Michael Johnson ("Johnson") (Doc. 1). Count 1 is against Eader and charges her with felon in possession of firearms. Count 2 is against Johnson and charges him with felon in possession of firearms. The indictment charges that both Eader and Johnson, as each having been previously convicted of a felony, on or about December 19, 2013 did knowingly possess firearms.

In her motion for severance, defendant asserts that she "believes that her defenses to the charges conflict with those of co-defendant Michael Johnson" and that "[b]ased upon her personal knowledge, Defendant believes that her defenses

directly conflict with those of co-defendant Michael Johnson" (Doc. 36 at 1).

The Government opposes severance.  Specifically, the Government argues that the Court should deny Eader's motion to sever outright because it fails to comply with the Court's order regarding pre-trial discovery and motion practice directing the parties to support any pre-trial motions with a memorandum of law (Doc. 11).  In the alternative, the Government asserts that the joinder of the two co-defendants is proper under Federal Rule of Criminal Procedure 8 and that Eader has not alleged prejudice or shown how she will suffer prejudice as required for severance under Federal Rule of Criminal Procedure 14.

Setting aside the Government's argument that the defendant failed to follow the Court's pre-trial order, the Court will consider the merits of defendant's motion.

## II.  Analysis

The joinder of multiple defendants in an indictment is allowed under Federal Rule of Criminal Procedure 8(b) when the Government has alleged that the defendants "have participated in the . . . same series of acts or transactions constituting an offense or offenses."  *United States v. Ras*, 713 F.2d 311, 315 (7th Cir.1983) (quoting Fed. R. Crim. P. 8(b) and citing *United States v. Garza*, 664 F.2d 135, 142 (7th Cir.1981), *cert. denied*, 455 U.S. 993 (1982)).  The Seventh Circuit has interpreted this rule to broadly permit liberal joinder in order to enhance judicial efficiency, limit inconveniences to witnesses, avoid delays in bring defendants to trial, and allow the "total story" to be presented to a single jury.  *United States v. Stillo*, 57 F.3d 553, 556-57 (7th Cir.), *cert. denied*, 516 U.S. 945

(1995); *Richardson v. Marsh*, 481 U.S. 200, 209-210 (1987) (Joint trials "play a vital role in the criminal justice system" because they promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.")  Joinder under Rule 8(b) is governed by the face of the indictment. *United States v. Bruun*, 809 F.2d 397, 406 (7th Cir.1987).

The defendants in this case appear to have been properly joined in a single indictment.   Rule 8 is clear that "all defendants need not be charged in each count." Furthermore, the counts are logically related as they involve possession of firearms, two of which are the same, on the same date.  *United States v. Carter,* 695 F.3d 690, 700 (7th Cir. 2012).

Once it is determined that the defendants have been joined in accordance with Rule 8, the moving defendant may only be entitled to a severance pursuant Rule 14 if proven that this joinder will be prejudicial to that defendant.   Rule 14 provides:

> If the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Rule 14 leaves the determination of prejudice and a remedy, if necessary, to the sound discretion of the district judge.  *Zafiro v. United States*, 506 U.S. 534, 541 (1993).

Here, Eader has not demonstrated how a joint trial will compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence.   Eader offers absolutely nothing of substance to bolster her

assertions. She resorts to conclusory statements that her defenses directly conflict with those of co-defendant Johnson. However, "[m]utually antagonistic defenses are not prejudicial per se." *Id.* at 538. "[A] district court should grant a severance under Rule 14 *only if* there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (emphasis added). Based on the record, the Court finds that Eader has not shown such a risk.

### III.    Conclusion

Accordingly, the Court **DENIES** defendant Eader's motion to sever (Doc. 36).

**IT IS SO ORDERED.**

Signed this 23rd day of May, 2014.

Digitally signed by David R. Herndon
Date: 2014.05.23 12:06:23 -05'00'

**Chief Judge**
**United States District Court**